THOMAS E. STEEL *vs.* BENJAMIN W. COOK.

A deed to husband and wife, executed before the revised statutes took effect, conveying
land to be held by them during their lives and the life of the survivor, and by the
heirs of their bodies, created an estate tail in the grantees.

The reversion expectant on the determination of an estate tail is a vested interest,
which may be devised, and which will pass to a devisee under a general residuary
clause in a will.

When the owner of such reversion limits the same by way of executory devise, on the
contingency of there being issue of a future marriage of one of the tenants in tail, the
residuary devisee of the reversion may grant the same to a third person, subject to
such executory devise.

WRIT of entry to recover an undivided part of a tract of land
in Lenox, which the demandant claimed to hold in common with
Charles B. Steel, Charles Worthington and Ira Belden.  Both
parties to the suit claimed title through Thomas Steel, deceased,
the grandfather of the demandant.  Said Thomas, by deed dated
June 17th, 1806, conveyed said tract of land, with other lands,
to Caleb Hyde and Rhoda Hyde, wife of said Caleb, and daugh-
ter of said Thomas, " to hold to them during their lives and the
life of the survivor, and to the heirs of the bodies of said Caleb
and Rhoda ; and if they shall die without heirs of their two
bodies, then the before granted premises shall revert to said
Thomas, his heirs and assigns forever."

Said Thomas Steel died on the 14th of June, 1825, and his
will, which was dated June 18th, 1806, and duly proved and al-
lowed in July, 1825, contained the following clauses : " Where-
as I have, by my deed, bearing date the 17th day of this instant,
conveyed to Rhoda and Caleb Hyde, and the heirs or issue of
their two bodies, certain lands therein described, and in default
of such issue, then to my heirs ; it is nevertheless my will, if
after the decease of said Rhoda and Caleb without such issue,
there should be issue of said Rhoda by another marriage, that in
such case, the land shall descend to such issue of the body of
said Rhoda, in fee."

" To my son Thomas, and my daughters Anna and Rhoda,
I give in equal proportions, and to their heirs and assigns for-

24 *

ever, all the rest and residue of my estate, whether real, personal or mixed."

Said Caleb and Rhoda, by deed, dated March 18th, 1834, conveyed to Cook, the tenant, the tract of land demanded in this action, to hold during their lives and the life of the survivor; and also by deed, dated August 1st, 1834, conveyed to the tenant, in fee simple, one undivided third part of said tract. Title to this third part is all that the tenant claims, or ever has claimed.

Said Caleb Hyde died on the 7th of March, 1838, without issue, and said Rhoda died on the 4th of January, 1839, also without issue.

It was agreed by the parties, that if, on these facts, the demandant and his said cotenants are entitled to hold the said tract of land, the tenant should be defaulted ; otherwise, that the demandant should become nonsuit.

*Bishop*, for the demandant.

*Byington* and *G. J. Tucker*, for the tenant, cited 2 Bl Com. 110. 112. 175.   4 Dane Ab. 526.

PER CURIAM.   By the deed of Thomas Steel, Caleb Hyde and Rhoda, his wife, took an estate tail ; for, though the rule in *Shelley's case*, 1 Co. 94, had been modified by *St.* 1791, *c.* 60, § 3, yet such modification extended only to estates created by devise, and not to estates created by deed.*   But as they never took any measures to bar the entail, the reversion expectant upon the determination of the estate tail remained in the grantor, and would have done so, if no express words to that effect had been contained in his deed.  Co. Lit. 22 *b.*   Then by his will, made the day after the execution of the deed, after reciting the deed, he provided that, in default of issue of both Caleb and Rhoda Hyde, to take, under the first limitation, as heirs in tail, if his daughter should again marry and have issue, such issue should take the estate in fee.   Supposing this last gift good, by way of executory devise, still as the contingency, upon which it was to arise, never happened, it did not affect the reversion remaining in the devisor.   By the residuary clause in his will,

---

* By the Rev. Sts. *c.* 59, § 9, the same modification is extended to estates created by deed.

he gave all the residue of his real estate to his son and two daughters in fee, of whom Rhoda was one. The reversion being a vested interest, (2 Cruise's Digest, 3d Amer. ed. 443,) subject only to be divested in favor of the issue of the daughter by another marriage, by way of executory devise, which contingency never happened, this reversion passed by his decease to his son and two daughters, and of course Rhoda took one third of the estate in fee, which passed by the deed of August 1st, 1834, executed by her husband and herself, to the tenant, to whom their life estate had before been conveyed by the deed of March 18th, 1834.

But the result would have been the same without the devise. In that event, the son and two daughters would have taken the same reversion in the same proportions, as heirs at law, and the deed of her husband and self, duly executed, would have vested the same title in the tenant.

*Demandant nonsuit.*